| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | 13-35893448 |

-----------------------------------------------------------

In Re:  Chapter 7

    **SAMANTHA V. POULIS,**  Case No. 06-43471 (DEM)

                  Debtor.

-----------------------------------------------------------

### STIPULATION AND ORDER SETTLING TRUSTEE'S CLAIMS

Stipulation dated this 17th day of January, 2008, by and between ROBERT L. GELTZER, ESQ., (the "Trustee"), as Trustee of Samantha V. Poulis, the above-captioned Debtor (the "Debtor"), and Cheryl France, the Debtor's mother (the "Mother").

### RECITALS:

1. A voluntary petition under Chapter 7 of the Bankruptcy Code was filed by the debtor and an order for relief was entered on September 21, 2006, pursuant to the Bankruptcy Code.

2. The undersigned was appointed interim Trustee pursuant to 28 U.S.C. § 701 of the property of the above named debtor on or about September 22, 2006, and became permanent Trustee by operation of law, has qualified and now is acting as such Trustee.

3. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(b)(2).

4. Pursuant to the examination of the Debtor conducted pursuant to Section 341 of the United States Bankruptcy Code, and her further examination pursuant to Federal Rule of Bankruptcy Procedure 2004 issued pursuant to this Court's Order of March 15, 2007, said examination having been conducted on April 16, 2007, and the examination of certain documents provided to the Trustee and his Court appointed accountant, it was learned, among other things, that the Debtor owned a house, located at 500 Jefferson Avenue, Brooklyn, New York (the "Premises") which, on or about May 2, 2006, the Debtor sold to Cheryl France, her mother (the "Mother") for approximately $110,000.00. The Debtor testified further that she paid at least $29,109.15 as and for closing costs which should have been paid by the buyer, her Mother. Additionally, at closing, there was a cash deficit in the amount of $5,108.53, which

amount the Debtor also paid and which also should have been paid by the Mother (the "Transfers").

5. Those Transfers were made to, or for the benefit of, the Mother by the Debtor within one year of the filing of the petition and are voidable pursuant to 11 U.S.C. §§ 546 and 548.

6. The Transfers are property of the estate as provided for in § 541 of the Bankruptcy Code.

7. No monetary or other consideration was received by the Debtor from the Mother in exchange for any and all of The Transfers.

8. Said disposition and/or parting with The Transfers was a "transfer" under § 101(54) of the Bankruptcy Code.

9. The Debtor received less than a reasonably equivalent value for The Transfers.

10. The Mother does not deny that she received the Transfers from the Debtor, and that the Debtor received no consideration from the Mother or anyone else for the Transfers.

11. The Debtor was insolvent or became insolvent as a result of such Transfers.

12. Based on the foregoing, and pursuant to §§ 541, 542, 546, 548 and 550 of the Bankruptcy Code, the Mother is obligated and must turn over the value of the Transfers to the Trustee.

13. Upon information and belief, the Debtor may have made other Transfers or allegedly, fraudulently conveyed property within six (6) years.

14. The Trustee, the Debtor, and her Mother wish to avoid the expense of litigation, and the Trustee believes that it is in the best interests of the estate and its creditors that a compromise and settlement be reached.

**NOW, THEREFORE**, based upon the foregoing and upon the mutual covenants hereinafter set forth and in consideration thereof:

**IT IS HEREBY STIPULATED AND AGREED** as follows:

15.     Debtor and Mother and the Trustee acknowledge this Court's jurisdiction over the parties and over the subject matter, and agree that the Adversary Proceedings that could have been, and could be, brought in connection with the above would constitute "core" proceedings under 28 U.S.C. § 157(b).

16.     Within sixty (60) days of signing of this Stipulation of Settlement which will be within ten (10) days of its receipt by counsel for Debtor and Mother, in full settlement, shall tender to the Trustee, a check in the sum of $34,217.68 (the "Settlement Amount") payable to: "Robert L. Geltzer, as Trustee" (the "Settlement Check").  The Settlement Check shall be delivered to the offices of the Trustee's counsel, the LAW OFFICES OF ROBERT L. GELTZER, 1556 Third Avenue, Suite 505, New York, New York 10128 and deposited into a bonded, interest bearing account which the Trustee will maintain on behalf of the estate with Commerce Bank.

17.     In addition to the Mother tendering to the Trustee the Settlement Check, as provided for in paragraph 16 hereinabove, the Mother also will tender to the Trustee a deed to the Premises, deeding said Premises to the Trustee.  The Mother agrees that the Trustee may sell the Premises deeded to him, as provided for in paragraph 16 herein, if the Trustee does not receive the Settlement Check as provided for hereinabove.  During said sixty days, the Trustee will hold said deed in escrow, and if the Trustee receives the Settlement Check as provided for in paragraph 16 hereinabove, the Trustee will return said deed to Mother's attorney.

18.     Upon the latter of the So-Ordering by the Bankruptcy Court approving of this Stipulation of Settlement and the receipt by the Trustee of the Settlement Check in good funds in the Settlement Amount, the parties shall be deemed to have mutually released each other from any and all claims, actions, causes of action, offsets, recoupments, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses, executions, claims, and demands whatsoever, in law, admiralty or equity, whether known or unknown, direct or contingent, which the Trustee and/or the parties or their respective successors or assignees ever had or now have, or hereafter can, should or may have, from the

beginning of the world to the date of execution of this Stipulation of Settlement against each other and/or their respective heirs, executors, administrators, agents, representatives, successors and assigns, indebtedness or liability relating to the claims herein and/or to any claim as a creditor or otherwise in the Bankruptcy Proceeding, except for the obligations pursuant to this Stipulation of Settlement.

19. This Stipulation of Settlement shall be binding upon the parties and their respective heirs, executors, successors and assigns, as well as any subsequently appointed or elected trustee in the case.

20. This Stipulation of Settlement has been entered into for settlement purposes only, is not admissible in any action or proceeding except to enforce the expressed terms and conditions hereof, including payment pursuant hereto.  None of the parties hereto shall offer this Stipulation of Settlement or any other documents or agreements executed and delivered in connection herewith (except such documents as Debtor's books and records), or the negotiations relating hereto as evidence of, nor shall this Stipulation of Settlement be deemed to be or construed as, an admission or any liability on the part of any party hereto or any other party to a release with respect to any of the matters covered by or described in any such document or as a concession by the Trustee or the parties of the adequacy of the settlement amount.

21. In the event that Mother fails to timely pay the Settlement Amount, and such failure is not cured within 5 days after receipt of notice by Mother's counsel, in addition to the sale contemplated by paragraph 17 hereinabove, Mother further consents to the entry of this Stipulation of Settlement as and for the entry of judgment in the amount of Thirty Four Thousand Two Hundred Seventeen and 68/100 Dollars and ($34,217.68) plus interest at the rate of nine percent (9%) per annum from and after the date of this Stipulation of Settlement.  In the event of a default, such judgment shall be settled on ten (10) days notice to Debtor's attorney accompanied by an affidavit attesting to the occurrence of the default.

22. The Debtor and Mother hereby consent to the extension of any applicable statutes of limitations regarding commencement of any adversary proceeding, including, without limitation, any regarding these claims.

23. Any notices, requests, claims, demands and any other communication hereunder shall be in writing and shall be deemed to have been duly given and delivered on the date of delivery of delivered by messenger or transmitted by telex, telecopier or telegram or on the third business day after which mailed if mailed by registered or certified mail, postage pre-paid to the respective parties as follows:

    (i)  if to the Trustee, to:

        Robert L. Geltzer, Esq.
        The Law Offices of Robert L. Geltzer
        1556 Third Avenue, Suite 505
        New York, New York  10128;

    (ii)  if to Cheryl Francis or to Debtor to:

        Asher B. White, Esq.
        1202 Avenue J
        Brooklyn, New York  11230

or to other such address as any party may have furnished to the other party in writing in accordance herewith, except notices of changes in address shall only be effective upon receipt.

24. This Stipulation of Settlement shall be governed and construed in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws.

25. This Stipulation of Settlement together with any other documents referred to herein, constitutes the entire agreement and understanding among the parties hereto with respect to the subject matter hereof.

26. No representations have been made to any other party to this Stipulation of Settlement.

27. This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified, nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

28. Any provision of this Stipulation of Settlement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. If any release of any of the parties hereto is invalidated or declared unenforceable in whole or in part, the release as to the other parties thereto will be similarly invalidated.

29. All representations and warranties contained herein by any party to this Stipulation of Settlement in connection herewith shall survive the execution an delivery of this Stipulation of Settlement.

30. This Stipulation of Settlement may be executed in two or more counterparts each of which shall be deemed to be an original but all of which together shall constitute one and the same document.

IN WITNESS WHEREOF, the parties have hereunto set their respective hands and seals this 17th day of January, 2008.

                    The Law Offices of
                    ROBERT L. GELTZER
                    Counsel to the Trustee
                    ROBERT L. GELTZER, ESQ., as
                    Trustee for Samantha V. Poulis
                    1556 Third Avenue, Suite 505
                    New York, New York  10128
                    (212) 410-0100

                    By: /s/ Robert L. Geltzer
                        ROBERT L. GELTZER (RG 4656)
                        A Member of the Firm

| | |
|---|---|
| /s/ Cheryl France<br>Cheryl France, Mother<br>500 Jefferson Avenue<br>Brooklyn, New York 11221 | ASHER B. WHITE<br>Attorney for Debtor<br>1202 Avenue J<br>Brooklyn, New York 11230<br>(718) 338-7455 |
| /s/ Samantha V. Poulis<br>Samantha V. Poulis, Debtor<br>500 Jefferson Avenue<br>Brooklyn, New York 11221 | By: /s/ Asher B. White<br>    ASHER B. WHITE (AW      ) |

**SO ORDERED:**

_____s/Dennis E. Milton_____
DENNIS E. MILTON
UNITED STATES BANKRUPTCY JUDGE

Dated: _____, ~~2008~~
        Brooklyn, New York
        ***March 24, 2008***

7